UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 4:20-CR-125 SEP/PLC |
| | ) |
| **ERVIN RAY HILL,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER CONCERNING PRETRIAL MOTIONS

**IT IS HEREBY ORDERED** that **forthwith** the Government shall give notice to Defendant of its intention to use specific evidence at trial pursuant to Rule 12(b)(4), Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED**[1] that **forthwith** each party may propound to the opposing party, and may file with the Court, any request for pretrial disclosure of evidence or information. Not later than **March 23, 2020**, the parties shall respond to any such requests for pretrial disclosure of evidence or information and may file with the Court a copy of any such response. To the extent practicable, all such requests for disclosure and the responses thereto shall be contained in one request document or in one response document, with each separate item of information or evidence discussed being a subpart of said document.

At the arraignment, Defendant's counsel made a motion for additional time to file pretrial motions. Defendant's counsel has not had the opportunity to review discovery, investigate the

---

[1] Any motion for an extension of any of the following deadlines or any request for a continuance of a setting shall include information relevant to findings required by the Speedy Trial Act, specifically, 18 U.S.C. § 3161(h).

evidence, discuss it with Defendant, or decide whether to file pretrial motions.  The Court finds that to deny Defendant's motion for additional time would deny counsel for Defendant the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv), and that the ends of justice served by granting Defendant's motion for additional time outweigh the best interests of the public and Defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  Accordingly,

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time within which to file motions is **GRANTED**.

**IT IS FURTHER ORDERED** that the time granted by this Order to review discovery and to prepare pretrial motions or a waiver thereof is excluded from computation of the latest date for the trial setting as prescribed by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

**IT IS FURTHER ORDERED** that Defendant shall have until **May 1, 2020**, to file any pretrial motions or waiver of motions.  The Government shall have until **May 8, 2020**, to respond.

**IT IS FURTHER ORDERED** that any pretrial motion seeking a court order for the production of evidence or information from the opposing party, and each motion to suppress evidence, shall contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the Defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party.  Any motion lacking such attestation will not be considered or ruled by the Court.

**IT IS FURTHER ORDERED** that any motion to suppress shall set forth, with particularity, the item(s) of evidence to which the motion is addressed, and shall set forth specific factual details to support any claim that such evidence was unlawfully obtained.  Any motion to suppress not containing such specific information or any motion cast in conclusory or conjectural

terms will not be heard or considered by the Court.  Each motion to suppress must also include a memorandum of law setting forth the specific legal ground upon which it is contended that any such item of evidence was unlawfully obtained, with citations to authority.  Further, the practice of adopting motions filed by other Defendants will not be permitted without prior leave of the Court.

**IT IS FURTHER ORDERED** that any motion with respect to the sufficiency of an indictment or information, including any motion to dismiss, shall set forth specific factual details to support the motion.  Any motion with respect to the sufficiency of an indictment or information that is cast in conclusory or conjectural terms will not be heard or considered by the Court.  Any such motion must also include a memorandum of law setting forth the specific legal ground(s) supporting the motion.

**IT IS FURTHER ORDERED** that if Defendant chooses not to file any pretrial motions, counsel for Defendant shall file with the Court, not later than **May 1, 2020**, a memorandum attesting that: there are no issues that Defendant wishes to raise by way of pretrial motion; counsel has personally discussed this matter with Defendant; and Defendant agrees and concurs in the decision not to raise any issues by way of pretrial motions.

**IT IS FURTHER ORDERED** that all deadlines set forth in this Order include weekend days and holidays.  However, if a due date falls on a weekend or holiday, the due date for compliance shall be the next business day.

**IT IS FURTHER ORDERED** that an evidentiary hearing on any pretrial motions will be set at a later date.  **Defendant is required to be present at the hearing.**

**IT IS FURTHER ORDERED** that the trial of this matter will be set following the conclusion of pretrial proceedings.

No extension of any deadline set in this Order will be granted except upon written motion, made before the expiration of the deadline, and upon good cause shown.  Failure to timely file

motions or requests, or to request an extension of time to do so, may be considered a waiver of the right of a party to make such motions or requests, as set out in Fed. R. Crim. P. 12(c)(3).

                                                                             /s/ Patricia L. Cohen
                                                          PATRICIA L. COHEN
                                                          UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of March, 2020