**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CR-125 SEP (PLC) |
| ) | |
| ERVIN RAY HILL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ERVIN RAY HILL'S MOTION TO SUPPRESS STATEMENTS, PHYSICAL EVIDENCE OF FIREARM, FIRARM AMMUNITION, DRUGS AND/OR DRUG PARAPHERNALIA**
**SEIZED FROM MR. HILL' VEHICLE ON SEPTEMBER 30, 2019**
**DURING A STOP OF MR. HILL PARKED IN HIS VEHICILE IN THE VICINYTY OF 11149 RIAZA SQUARE IN ST. LOUIS COUNTY**
**AND**
**MOTION TO DISMISS CASE**

COMES NOW Defendant Ervin Ray Hill ("Defendant"), by and through his attorney, James W. Schottel, Jr., and moves this Court to suppress all evidence derived from and obtained as a result of the officer's warrantless search of Mr. Hill's vehicle and seizure of physical evidence, including a firearm, firearm ammunition, drugs and/or drug paraphernalia and suppression of statements from Mr. Hill during his questioning and vehicle inspection on September 30, 2019 and moves this Court to dismiss case if his motion to suppress is granted. In support of this motion, Defendant states as follows:

1.  In accordance with this Honorable Court's Order Concerning Pretrial Motions (Doc. #16), the undersigned has personally conferred with counsel for the opposing party about the issue(s) raised in this motion, that there is a good faith belief that the information or evidence exists about which discovery is sought or which the Defendant seeks to have suppressed.

## Introduction

2. According to the Incident Report authored by P.O. Patterson ("Patterson"):

"On September 30, 2019, at approximately 0836 hours, I responded to a re port of a shot fired call at the apartment building known and numbered as 11149 Riaza Square. The call was generated by a Shotspotter activation. The following officers were also attached to the call arriving in full duty uniform:
"**P.O Bell, DSN 4768**
**P.O Johnson, DSN 477**
Saint Louis County call notes indicated the following:
- **SHOT SPOTTER ACTIVATION**
- **ONE SHOT HEARD**."

(*See* Incident Report attached hereto and labeled as Defendant's Exhibit 1, p. 5).

3. It should be noted that several minutes had passed since the Shotspotter allegedly heard a shot fired (Shotspotter reported the alleges shot was heard at  and the time Patterson et al, arrived at the location of Riaza Square. (*See* Shotspotter Report at, "SEP 30, 2019 08:22:38" attached hereto and labeled as Defendant's Exhibit 2, p. 1).

## Search of Mr. Hill's Vehicle

4. Based upon the knowledge of one shot heard initiating a Shotspotter activation P.O. Patterson believed he had an articuable reasonable suspicion that Mr. Hill had just committed a crime or criminal activity was afoot.

5. When officers approached, Mr. Hill exited his vehicle

6. Patterson questioned Mr. Hill, and Mr. Hill just stated he was waiting for his gal

7. According to Patterson, he advised Hill that I had reports of shots fired in the area and asked if he (Hill} had heard anything. Hill stated, "No, I've just been parked here waiting for my girl."

8. Patterson stated he observed a shell casing on the floorboard of Mr. Hill's vehicle.

9. Patterson based this on his right to search of Mr. Hill's vehicle.

**Failure to Read Mr. Hill's Rights Under *Miranda***

10. Mr. Hill was asked if he was carrying a firearm without being read his *Miranda* rights.

11. Exhibit 3 is a screen shot alleged to be of Mr. Hill's vehicle.

12. Exhibit 3A is a zoom shot of Exhibit 3

## Memorandum

**A.   *Miranda* rights**

After a valid traffic stop, an "officer may detain the offending motorist while the officer completes a number of routine, but somewhat time-consuming tasks related to the traffic violation." United States v. $404,905.00 in U.S. Currency, 182 F.3d 643, 647 (8th Cir. 1999). "Interrogation occurs when a law enforcement officer engages in "either express questioning or its functional equivalent," which includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."" United States v. Hernandez-Mendoza, 600 F.3d 971, 976-77 (8th Cir.), *as amended* (July 7, 2010), *opinion amended on denial of reh'g*, 611 F.3d 418 (8th Cir. 2010) *quoting* Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (*footnote omitted*). Generally, an investigative detention must remain within the scope of the traffic stop to be reasonable. United States v. Jones, 269 F.3d 919, 926 (8th Cir. 2001) *citing* United States v. Barahona, 990 F.2d 412, 416 (8th Cir. 1993).

**B.   Search of Mr. Hill's vehicle**

   **1.   Search-incident-to-arrest**

The Eighth Circuit recognized in *Davis* that the Supreme Court held in *Gant* that:

"The *Gant* decision confined the applicability of the search-incident-to-arrest exception to two situations. First, police may "search a vehicle incident to a recent

3

occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." Id. at 1719. The within-reach requirement places the search-incident-to-arrest exception within the boundaries set by the two underlying rationales for the rule set forth in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)-ensuring officer safety and protecting perishable evidence. Id. at 762-63, 89 S.Ct. 2034.4 In addition to *817 the within-reach requirement, *Gant* also provided "that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'"

U.S. v. Davis, 569 F.3d 813, 816-17 (8th Cir. 2009).

### 2.     Automobile exception

Another "such exception is the so-called 'automobile exception,' which authorizes officers to search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity." Davis, 569 F.3d at 816 *citing* United States v. Hill, 386 F.3d 855, 858 (8th Cir.2004). This exception doesn't apply here, or Officer Patterson would have immediately searched Mr. Hill's vehicle before even bringing him back to his patrol car and questioning him. When questioning Mr. Hill, he referred to a box of sandwich baggies as drug paraphernalia. This is completely erroneous. As stated above, there was no methamphetamine in plain view of Officer Patterson that was in the box of sandwich baggies.

Even if any probable cause developed through Officer Patterson questioning of Mr. Hill, it was illegally acquired by failing to read Mr. Hill his *Miranda* rights.

### C.     Conclusion

For the foregoing reasons, Officer Patterson failed to read Mr. Hill his *Miranda* rights and Officer Patterson unlawfully searched Mr. Hill's vehicle without a warrant or without the authority of any legal exception to search Mr. Hill's vehicle. Therefore, all physical evidence should be suppressed.

WHEREFORE, for each and all of the foregoing reasons, Defendant Ervin Ray Hill prays that the Court enter its order suppressing any and all evidence derived from the officers' actions taken

4

against Mr. Hill in order to illegally obtained the firearm and ammunition and methamphetamine from Mr. Hill's vehicle. Upon suppressing such evidence, Defendant moves that this case be dismissed.

        Respectfully submitted,

        SCHOTTEL & ASSOCIATES, P.C.

        BY: s/*James W. Schottel, Jr.*
            James W. Schottel, Jr.   #51285MO
            906 Olive St., PH
            St. Louis, MO 63101
            (314) 421-0350
            (314) 421-4060 facsimile
            jwsj@schotteljustice.com

            Attorney for Defendant
            Ervin Ray Hill

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 30, 2020 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

        Gregory Goodwin
        gregory.goodwin@usdoj.gov

        Attorney for Plaintiff
        United States of America

        s/*James W. Schottel, Jr.*